IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| DAWN RENEE WRIGHT and MAURICE PENDELTON on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ROANOKE, VIRGINIA,<br><br>Defendant. | Civil Action No. 7:18CV210<br><br>TRIAL BY JURY DEMANDED |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

COME NOW Plaintiffs Dawn Renee Wright and Maurice Pendelton on behalf of themselves and all others similarly situated, (collectively "Plaintiffs"), by counsel, and make the following allegations on behalf of themselves and all others similarly situated:

**PRELIMINARY STATEMENT**

1. The named Plaintiffs and any Putative Plaintiffs are current and former employees of the City of Roanoke, Virginia's Police Department ("RPD"). This proceeding seeks unpaid overtime for Plaintiffs, and all others similarly situated, under the federal and state laws which establish the overtime compensation due to law enforcement officers.

2. Count One is a Collective Action claim in which Plaintiffs seek declaratory relief, injunctive relief, and to recover unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., as amended ("FLSA" or "the Act") for themselves and others similarly situated.

1

3. Count Two is brought under this Court's supplemental jurisdiction, also seeking unpaid overtime, but pursuant to the enhanced relief provided by Va. Code § 9.1-700, *et seq.* for Virginia law enforcement personnel. Plaintiffs bring Count Two for themselves, individually, and others similarly situated seeking class relief pursuant to Federal Rule of Civil Procedure 23. Plaintiffs seek declaratory relief, injunctive relief, and to recover unpaid overtime compensation and liquidated damages pursuant to Va. Code § 9.1-700, *et seq.*

**PARTIES**

4. Defendant is the primary law enforcement agency in the City of Roanoke, Virginia and is comprised of police officers and various clerical, administrative, and management personnel. It employs over three hundred (300) individuals, including approximately two hundred and ninety-one (291) sworn law enforcement officers.

5. Defendant is an "employer" both within the meaning of 29 U.S.C. § 207(a)(1) and Va. Code § 9.1-700. Defendant was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d) and Va. Code § 9.1-700 and at all times relevant hereto.

6. Plaintiffs are, or were, residents of Virginia and are, or were, officers employed by Defendant. At all times relevant hereto, Plaintiffs were officers who are, or have been, employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and are law enforcement employees within the meaning of Va. Code § 9.1-700.

7. Plaintiffs bring this action on behalf of themselves and other similarly situated current and former employees of Defendant who were, or are, employed by Defendant as "Police Officers" or "Law Enforcement employees" or with duties similar to "Police Officers" or "Law Enforcement employees" and who were subject to the same uniform pay practices and policies.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 2201, 2202 and seeks this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

10. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

**REPRESENTATIVE ACTION ALLEGATIONS FOR FLSA CLAIMS**

11. At all relevant times, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

12. Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiffs. Plaintiffs each consent to become party plaintiffs in this representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by Plaintiffs' "Consent to Become Party to Collective Action Under 29 U.S.C. § 216," filed herewith.

13. Defendant employs, and has employed, multiple persons in the same job functions and/or positions as Plaintiffs occupy.

14. These employees perform, and have performed, functions which entitle them to payment of overtime compensation wages that they have not received.

15. Defendant compensated, and continues to compensate, Plaintiffs and those similarly situated, on uniform compensation models common to all Plaintiffs or wide subsets of Plaintiffs and other persons performing similar job functions.

16. On information and belief, all of Defendant's operations are centrally managed as a single enterprise, and all or most of Defendant's employees performing functions similar to Plaintiffs are subject to common, uniform time-keeping and payroll practices. Defendant has

additionally established certain uniform payroll policies and practices with respect to the payment of overtime compensation which apply to all Plaintiffs in the performance of law enforcement duties for Defendant.

17. The FLSA "collective" of similarly situated employees is composed of all present and former employees of Defendant who performed the same or similar job functions as Plaintiffs and are or were subject to the same pay practices, and have been employed within three (3), or more, years of the date of filing of this action.

18. Plaintiffs assert that Defendant's willful disregard of the overtime laws described herein, as well as its active concealment of applicable FLSA/State Law rights, entitles Plaintiffs and similarly situated employees to the application of the three (3) year limitations period and, in addition, to equitable tolling of the otherwise applicable statutes of limitations.

19. At all times relevant hereto, Defendant was a "public agency" as that term is defined by 29 U.S.C. §§ 203(e)(2)(C) and 203(x).

20. Plaintiffs' titles and job duties, and the titles and job duties of those similarly situated to Plaintiffs, are specifically not exempt from the coverage of the FLSA.

### GENERAL FACTUAL AND LEGAL ALLEGATIONS

21. Defendant employs Plaintiffs as "Police Officers."

22. As Police Officers, Plaintiffs' duties consist of maintaining the peace, protecting Roanoke citizens, and investigating crimes and/or citizen complaints.

23. Defendant pays Plaintiffs on an hourly basis and has done so for all times pertinent to this action.

24. Plaintiffs and other similarly situated employees work regularly scheduled work hours which recur each work week or after each period of workweeks. Officers are generally

scheduled to work based on a fourteen (14) day cycle. As required, officers may be assigned additional hours of work for on-call, extra duty assignments and other non-recurring types of assignments.

25. Federal law allows municipalities to diverge from the standard FLSA overtime scheme under which employees are paid overtime for all hours worked over forty (40) in a week. Pursuant to 29 U.S.C § 207(k), municipalities are permitted to make an election of a seven (7) to twenty eight (28) day cycle (with corresponding maximum hours between 43 and 171). Defendant purports to have availed itself to this benefit and further purports to have made a 28 day/171 hour election for FLSA purposes. Therefore, per federal law, Plaintiffs should receive overtime compensation for all hours worked over one hundred and seventy-one (171) in a twenty-eight (28) day period. Under the FLSA statutory scheme, had Defendant elected a 14 day period, overtime hours would begin to accrue at 86 hours.

26. In 2005, Virginia state law was amended to require that Virginia law enforcement officers working for jurisdictions employing 100 or more law enforcement employees pay overtime compensation for the difference in the regularly scheduled work week, or, generally, one hundred sixty (160) hours in a twenty-eight day period and the 171 hour federal maximum (or 80 and 86 over a 14 day period) allowed by 29 U.S.C. § 201(k). Va. Code § 9.1-700 *et seq.*

27. Va. Code § 9.1-701 further requires that law enforcement employees be paid at an overtime rate for all "hours of work" beyond the hours for which they are paid. In pertinent part, that statute states:

> Employers shall pay [....] law-enforcement employees overtime compensation or leave, as under the Fair Labor Standards Act, 29 U.S.C. § 207(o), at a rate of not less than one and one-half times the employee's regular rate of pay for all hours of work between the statutory maximum permitted under 29 U.S.C. § 207(k) and the hours for which an employee receives his salary, or if paid on an hourly basis, the hours for which the employee receives hourly compensation.

5

28. Unlike the FLSA, which only counts hours actually worked toward overtime entitlement (*See* 29 USC § 207(e)(2)), Va. Code § 9.1-703, titled "Hours of Work," determines overtime entitlement by the hours spent in "paid status." It dictates that "[f]or purposes of computing [….] law-enforcement employees' entitlement to overtime compensation, all hours that an employee *works or is in a paid status* during his[/her] regularly scheduled work hours shall be counted as hours of work." (emphasis added.)

29. Defendant purports to pay officers overtime compensation once they have worked 160 hours within a 28 day cycle; however, it appears that Defendant actually pays (or does not pay) overtime according to a 14 day cycle.

30. Throughout Plaintiffs' employment with Defendant, Plaintiffs and other similarly situated employees were regularly required to work in excess of one hundred and sixty (160) and one hundred and seventy-one (171) hours in certain twenty-eight (28) day cycles (and/or in excess of 80 and 86 in a 14 day cycle).

31. Throughout Plaintiffs' employment with Defendant, Defendant did not pay Plaintiffs or other similarly situated employees overtime compensation for (a) all hours worked in excess of one hundred and seventy-one (171) and/or eighty-six (86) hours in each twenty-eight (28) and/or fourteen (14) day period and (b) all paid status hours in excess of the one hundred and sixty (160) and/or eighty (80) hours for which they received hourly compensation.

32. Since at least the 2005 implementation of Va. Code § 9.1-700 *et seq.*, paychecks provided to officers, particularly those within the Patrol division, have inaccurately reflected that only 80 hours were worked in a 14 day cycle, despite numerous cycles where that information

6

was clearly and objectively false and in which Plaintiffs were required to work hours over 80 hours in a 14 day cycle.

33. State and federal law mandates that employers maintain accurate records of employees' time worked or in paid status for compensation purposes. *See, e.g.* 29 C.F.R § 516, *et seq.*, Va. Code § 9.1-703. Defendant's provision of inaccurate hours worked and/or paid status hours on paychecks has prevented employees from fully understanding the existence, detail and extent of the Defendant's underpayment of overtime compensation. On information and belief, Defendant's misrepresentations of hours worked were knowingly made and for the purpose of avoiding the payment of overtime compensation due under state and/or federal law.

34. Most Roanoke officers work within four (4) Platoons, each scheduled to work eighty (80) hours over a fourteen (14) day cycle. The Platoons typically work twelve (12) hour shifts and are scheduled with the intent that the City enjoy adequate police coverage at all times.

35. Officers are paid according to their scheduled work hours. Their actual work hours are not tracked through any real time means.

36. Officers do not 'clock in' or 'log in/out' at the start or end of a shift.

37. Defendant has a practice in which an Officer working beyond her regularly scheduled hours (and owed overtime compensation) must put in for overtime through the submission of an "NLA" form.

38. Overtime for these hours is not paid unless submitted NLA forms are approved by the Police Department.

39. In practice, Defendant has only approved such NLAs in limited circumstances, such as when an officer is held out late on an incident response or is required to come in and work during non-scheduled hours.

7

40. By policy and/or practice NLAs are not to be approved (and as a consequence are not submitted) for overtime incurred as a result of any number of required non-incident response events which recur on a regular basis. Examples of such time include, but are not limited to:

- completing required paperwork (summons, subpoenas, and crash reports, etc.) done at the station before or after a shift;

- weapons inspections completed at the station before or after a shift;

- using the required city gas pumps to fuel a department issued vehicle;

- time related to the check in/check out/set up of required body cameras;

- the donning of which is required to be completed prior to lineup/the start of an officer's shift;

- parking police vehicles which includes signing out of the vehicle computer system and dropping certain gear off at the officer's personal vehicle;

- utilizing a personal telephone for work-related communications while off duty; and

- return of warrant bags and vehicle keys at the conclusion of a shift, court time where the NLA omits mention of the case name, and court time occurring on "short days".

41. Moreover, by policy and/or practice, NLAs for work that requires an officer to stay past their shift have not been approved unless attached to a specific offense number and an officer has received prior permission from his or her supervisor.

42. Officers have been permitted to begin the shift end process 15 minutes prior to the end of their shift. To the extent recurring and required non-incident response events occur during an officer's scheduled shift, she is compensated for same. However, if, as often happens, recurring and required non-incident response events occur prior or after the scheduled shift, the time goes uncompensated.

8

43. Further, RPD has only allowed NLA submissions in half-hour increments. As such, submissions for more than 15 minutes are rounded up and submissions for less time are rounded down to zero. This practice has resulted in additional unpaid overtime. As shown in paragraph 40 above, the end of an officer's shift requires the completion of a number of tasks which the Department does not compensate. Which some of these tasks may take a matter minutes, when combined the required tasks can easily amount to 10-14 minutes, or more, on a regular basis and are not *de minimus*.

44. RPD's policies and practices with respect to such work time, whether designated "non-incident NLAs" or time rounded to zero, is uncompensated and violates the FLSA and/or Va. Code § 9.1-700 *et seq.*

45. Defendant continues to deny Plaintiffs and similarly situated employees' overtime compensation to which they are entitled.

## COUNT ONE
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

46. At all times relevant to the matters alleged herein, Defendant has engaged in a pattern, practice or policy of not compensating Police Officers in accordance with state and federal mandates for certain overtime work performed for Defendant's benefit.

47. The FLSA requires covered employers such as Defendant to compensate Police Officers at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of the elected cycle length, in this case eighty-six (86) hours in a fourteen (14) day period.

48. At all times relevant hereto, Defendant knew that federal wage laws, generally, and the FLSA, specifically, applied to Plaintiffs and others similarly situated.

9

49. Defendant had knowledge of their FLSA requirements to pay "Police Officers" overtime compensation for hours worked in excess of eighty six (86) hours in a fourteen (14) day period.

50. Defendant had knowledge that Plaintiffs and all others similarly situated often worked off the clock and beyond Plaintiffs' normally scheduled hours. Defendant required such off the clock work and freely accepted the benefit of this time, and at a minimum suffered and permitted this practice.

51. Despite knowledge of the obligations under federal wage laws, including the FLSA, Defendant suffered and permitted Plaintiffs and the similarly situated employees to routinely work in excess of eighty-six (86) hours in a fourteen (14) day period, without paying all overtime compensation due.

52. Defendant has an obligation under the FLSA to maintain accurate records of time worked by employees.

53. Defendant has failed, and continues to fail, to maintain accurate time records of the time Plaintiffs and other similarly situated employees expended efforts on their behalf as required by the FLSA.

54. Defendant willfully violated the FLSA by requiring its officers to perform tasks off-the-clock, and despite suffering and permitting the same, made it unduly difficult, if not impossible for those officers to seek owed compensation for those hours. Defendant failed to pay Plaintiffs, and other similarly situated employees, overtime compensation for such hours when the addition of those hours pushed their total hours worked in excess of eighty-six (86) hours in a fourteen (14) day period. Defendant further willfully violated the FLSA by insisting

that those overtime hours it was willing to acknowledge had to be accrued as compensatory time and not cash overtime.

55. Defendant willfully violated the FLSA by failing to keep accurate time records of all hours worked by Plaintiffs and other similarly situated employees.

56. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew or showed reckless disregard for the fact that the City's compensation practices were in violation of these laws.

57. Plaintiffs, and other similarly situated present and former employees, are entitled to statutory damages equal to the mandated overtime premium pay within the three (3) (or more) years preceding the filing of this Complaint.

58. Moreover, such action by Defendant demonstrates a willful and/or reckless disregard for the FLSA's overtime requirements for law enforcement personnel. Although Defendant had an obligation to make proper inquiry into its FLSA compliance obligations, it failed to do so or, having inquired, it ignored or willfully attempted to avoid its legal obligations.

59. Defendant has not acted in good faith with respect to their failure to pay overtime compensation. Defendant had no legitimate reason to believe their actions and omissions were *not* a violation of the FLSA, thus entitling Plaintiffs, and those similarly situated, to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described above.

## RULE 23 CLASS ACTION ALLEGATIONS

### A. Class Definition

60. Plaintiffs, the Rule 23 Class Representatives, seek to maintain claims pursuant to Va. Code § 9.1-701, individually, on their own behalves, and on behalf of a class of current and former Roanoke Police Department officers who, during any time within the liability period, were employed in ranks below Lieutenant.

61. Current and former Roanoke Police Department officers who hold or have held positions of Lieutenant and above are excluded from the class for such periods of the liability period in which they were employed at the ranks of Lieutenant and above.

### B. Efficiency of Class Prosecution of Common Claims

62. Certification of a class of current and former officers is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of the Class Representatives and the proposed class. Conversely, proceeding on an individual basis will require the filing of potentially hundreds of duplicative individual suits which will waste judicial time and resources and create the risk of inconsistent or varying adjudications of common issues.

### C. Numerosity and Impracticality of Joinder

63. The class which the Class Representatives seek to represent is so numerous that joinder is impracticable. On information and belief, the putative class during the liability period is nearly three hundred (300) current and former Roanoke police officers who have been unlawfully denied overtime compensation to which they are entitled by virtue of Va. Code §§ 9.1-701, *et seq*.

### D. Common Questions of Law and Fact

64. The application of Defendant's departmental overtime accrual, exercise of overtime, and timekeeping policies present common issues of fact in this matter. Moreover, because Defendant has utilized centralized scheduling and compensation practices in the calculation and payment of overtime compensation, the challenged pay practices apply uniformly to the class representatives and other officers they seek to represent. On information and belief, all present and former Roanoke police officers were subject to the same centralized scheduling and compensation practices during the liability period.

65. Common issues of fact exist in this matter as to whether Defendant's scheduling and compensation practices violated applicable state and federal law regarding Virginia law enforcement personnel's entitlement to and Defendant's payment of overtime compensation.

### E. Typicality of Claims and Relief Sought

66. The claims of the Class Representatives are typical to those of the class members as a whole in that their claims are based on the same scheduling and compensation practices. The relief sought by the Class Representatives for overtime compensation is also typical of the relief which is sought on behalf of the proposed class.

### F. Adequacy of Representation

67. Plaintiffs are adequate class representatives. Their interests are co-extensive with those of the members of the proposed class they seek to represent. Plaintiffs have knowledge of Defendant's scheduling and compensation practices. They are committed to being representatives of the class, and have retained counsel experienced in prosecuting class action employment cases to protect the interests of the class.

### G. Rule 23(B)(3) Requirements

68. Common questions of law and fact predominate over any questions affecting only individual members because the basis of the claims herein is the common application of departmental policies and procedures, as well as Defendant's common scheduling and compensation practices applicable to all putative class members.

69. A class action is superior to other available methods for adjudicating the controversy because other methods would involve the filing of hundreds of individual claims that are based on the same centralized scheduling and compensation facts and the same legal issues regarding same. Hundreds of like individual cases would clog the court's docket and waste judicial time and resources. Moreover, multiple individual cases based on the same legal issue could lead to inconsistent or varying adjudications of the same issue(s).

70. The putative class members do not have a substantial interest in individually controlling a separate action because any such claim would be based on the same centralized scheduling and compensation practices and their recovery in either an individual or class action will be based on the amount of overtime compensation that each Plaintiff has been denied by Defendant.

71. The Class Representatives and counsel are not aware of any other litigation concerning the controversy that has already begun by proposed class members.

72. It is desirable to concentrate the claims in this forum because the employment practices complained of herein occurred exclusively in this forum.

73. The Class Representatives and counsel do not foresee any substantial difficulties in managing a class action and counsel is experienced in managing class action litigation in this forum.

## COUNT TWO
## VIOLATIONS OF VA. CODE §§ 9.1-700 et seq.

74. Defendant has willfully violated Va. Code §§ 9.1-701 through 9.1-703 by depriving Plaintiffs and others subject to the same policies of earned overtime pay.

75. Defendant's policy and practice of not paying overtime compensation for hours worked and/or in paid status above 80 hours in a 14 day cycle, violates Va. Code § 9.1-700 *et seq.* and has deprived Plaintiffs, and others who are subject to the same policies, of earned wages.

76. Defendant's policy and practice of discouraging the submittal of overtime for certain work requirements, and/or of disallowing the accrual of such overtime, has reduced or eliminated Defendant's actual overtime liability. On information and belief, Defendant's practices have resulted in the significant underpayment of legally earned overtime compensation - and evinces a willful violation of Va. Code § 9.1-700 *et seq.*

77. Pursuant to Va. Code § 9.1-704, Plaintiffs are entitled to payment of the withheld overtime compensation, an additional presumed doubling of that amount for the failure to receive such compensation in the pay period due, and payment for Plaintiffs' attorney's fees and costs of this proceeding.

78. Moreover, Defendant's creation of manifestly false pay stubs has served to actively conceal the Defendant's ongoing failure to account for and pay overtime compensation owed pursuant to Va. Code § 9.1-700 *et seq.* As such, the doctrine of equitable tolling should be applied to permit Plaintiffs and other similarly situated employees to recover unpaid overtime compensation for periods of time in excess of three (3) years from the date this action was filed.

**PRAYER FOR RELIEF FOR COUNT ONE**
**(FLSA CLAIMS)**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Approve notice, as soon as possible, to those employees and former employees similarly situated to Plaintiffs, namely all Police Officers, and other employees performing the duties of Police Officers who were employed by Defendant during any portion of the three (or more) years immediately preceding the filing of this action, of the existence of this FLSA representative (collective) action, the claims set forth herein and further provide notice of their right to opt-in to this action pursuant to 29 U.S.C. § 216(b). Generally, this notice should inform such employees and former employees that this action has been filed, describe the nature of the action and explain their right to opt into this lawsuit if they were not paid the proper overtime wage compensation for their hours worked in any week during the statutory period;

B. Designate this action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the FLSA collective class;

C. Enter judgment declaring that the acts and practices complained of herein as violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

D. Enter judgment awarding Plaintiffs, and all similarly situated present and former employees, actual compensatory damages in the amount shown to be due for unpaid overtime compensation, with pre-judgment interest, against Defendant;

E. Enter judgment that Defendant's violations of the FLSA were willful;

F. Enter judgment awarding Plaintiffs, and all similarly situated present and former employees, an amount equal to their overtime damages as liquidated damages for the failure to receive overtime compensation in the pay period due;

G. Enter judgment for post-judgment interest at the applicable legal rate;

H. Enter judgment awarding Plaintiffs, and those similarly situated, reasonable attorney's fees and costs of this suit;

I. Grant leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; to add claims under applicable state and federal laws, including claims for minimum wages pursuant to 29 U.S.C. § 206; and/or to add other defendants who meet the definition of Plaintiffs' employer, pursuant to 29 U.S.C. § 203(d);

J. Enjoin Defendant from future violations of the FLSA through the mandated payment of overtime compensation to similarly situated employees for hours worked in excess of the elected cycle; and

K. Grant such other and further relief as this Court deems necessary and proper.

### PRAYER FOR RELIEF FOR COUNT TWO
### (RULE 23 STATE LAW CLAIMS)

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Certify this action asserting the putative class members' rights under Va. Code §§ 9.1-701, *et seq.* to proceed as a class action, pursuant to Rule 23 Fed.R.Civ.P, upon Plaintiff's filing of a motion for class certification, with notice to those employees and former employees similarly situated to Plaintiffs, namely all Police Officers, and other employees performing the duties of Police Officers who were employed by Defendant during any portion of the three (or more) years immediately preceding the filing of this action, of the existence of this action, the claims set forth herein and notice of their rights herein;

B. Award appropriate declaratory relief regarding Defendant's unlawful acts and practices, in violation of Va. Code §§ 9.1-701 through 9.1-703;

C. Award appropriate injunctive relief to prevent such practices continuing in the future;

D. Award appropriate back pay in amounts equivalent to Plaintiffs' previously deprived wages, and a doubling of the same pursuant to Va. Code §§ 9.1-701 through 9.1-704.

E. For an award of reasonable attorney's fees and costs incurred on Plaintiffs' behalf, pursuant to Va. Code § 9.1-704.

F. For such other and further relief to which Plaintiffs may show themselves justly entitled.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

Dawn Wright and Maurice Pendelton, on behalf of themselves, and all others similarly situated,

By:_____
         Counsel

Thomas E. Strelka, Esq. (VSB No. 75488)
L. Leigh R. Strelka, Esq. (VSB No. 73355)
N. Winston West, IV, Esq. (VSB No. 92598)
STRELKA LAW OFFICE, PC
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA 24011
Tel : (540) 283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com

Harris D. Butler, III, (VSB No. 26483)
Zev H. Antell (VSB No. 74634)
Paul M. Falabella (VSB No. 81199)
Butler Royals, PLC
140 Virginia Street, Ste 302

Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
Email: harris.butler@butlerroyals.com
zev.antell@butlerroyals.com
paul.falabella@butlerroyals.com