# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DAWN RENEE WRIGHT and MAURICE PENDLETON on behalf of themselves and all other similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 7:18-cv-210 |
| v. | )<br>) |
| CITY OF ROANOKE, VIRGINIA | )<br>) |
| Defendant. | )<br>) |

## PROTECTIVE ORDER

With the consent of the parties, the Court finds good cause exists for the entry of a Protective Order in this case, and it is hereby ORDERED as follows:

1. Until further order of the Court or stipulation of the parties, all discovery provided in this action, including answers to interrogatories, responses to requests for production of documents and requests for admissions, documents produced, depositions of the parties or their agents, and any other information exchanged in discovery in this case, whether provided heretofore or in the future, shall be subject to this Order.

2. The parties agree that the producing party shall be permitted to designate discovery material as Confidential only after a determination that the material constitutes confidential or proprietary information or is otherwise confidential under applicable law. The parties and their counsel agree to use their best efforts to designate as "Confidential" only those materials that they in good faith believe constitute or contain private personal information, a trade secret or other confidential research, development, or commercial information as contemplated by Rule 26(c)(7) of the Federal Rules of Civil Procedure.

1

3. Any documents or material designated Confidential by the parties pursuant to this Order (hereinafter "Confidential Material") shall be marked on its face as "Confidential" and/or "Subject to Protective Order" in a manner which will not interfere with its legibility.

4. In any deposition, either party may designate testimony of witnesses to be Confidential by notifying opposing counsel in writing of the page and line numbers of the testimony deemed confidential. Notice of designation shall be provided within thirty (30) calendar days after the party is provided a copy of the deposition transcript.

5. Except as provided below, the parties are prohibited by this Agreement and Order from distributing, showing, disseminating, discussing, corresponding about, or providing photocopies, reproductions, abstracts, lists or summaries of any Confidential Material to any other person or entity if that person is not a party or a representative of a party to this action.

6. Plaintiff, Plaintiff's counsel, any employees of Plaintiff's counsel's law firm, and any experts retained by Plaintiff's counsel in connection with this case may review and use any Confidential Material or information contained therein but shall not disclose the same to any other person to whom disclosure is not authorized by the terms of this Order, and shall not use such Confidential information for any purpose other than preparation for trial or settlement of this action. Any recipient of such Confidential Material or information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of such Confidential Material or information in order to ensure that the confidential nature of the same is maintained.

7. Defendant, Defendant's counsel, any employees of Defendant's counsel's law firm, and any experts retained by Defendant's counsel in connection with this case may review and use any Confidential Material or information contained therein but shall not disclose the same to any other person to whom disclosure is not authorized by the terms of this Order, and

shall not use such Confidential information for any purpose other than preparation for trial or settlement of this action. "Defendant," for purposes of this Order, shall include those employees of Defendant who are directly involved in assisting with the defense of this case or otherwise have a need to review Confidential Material for a proper purpose related to this case. Any recipient of such Confidential Material or information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of such Confidential Material or information in order to ensure that the confidential nature of the same is maintained.

8. Any recipient of such Confidential Material or information, by accepting receipt thereof, agrees to submit to the jurisdiction of this Court in any proceeding or hearing relating to such Confidential Material or information and/or this Protective Order, including but not limited to any proceeding relating to the enforcement of this Protective Order.

9. Any expert who is to receive Confidential Material or information, shall be furnished with a copy of this Protective Order, and shall be required to execute an acknowledgement letter of the type attached hereto as Exhibit A, agreeing to abide by its terms before the material is turned over. The original acknowledgment letter executed by each recipient of Confidential Material or information shall be furnished to counsel of record at the conclusion of this case (including any appeals), together with an itemized list or description of the Confidential Material or information disclosed to any such recipient.

10. Any confidential information and documents, or summaries or abstracts prepared from such information or documents which any party intends to offer in evidence at trial, in support of any motion or at any court hearing in open court may be sealed only as permitted under Local Rule 9. Nothing contained in this Protective Order shall be construed to prejudice any party's right to use any confidential material in the taking of depositions or at trial or in any

3

proceeding in this Litigation, including dispositive motions. Material so used shall not lose its confidential status solely through such use, and its confidentiality shall otherwise be protected to the extent possible in conformance with this Protective Order. The parties agree, however, that any documents or information deemed "Confidential" may be filed with the Court in the context of dispositive motions without the permission of the other parties and without the party having to seek to have the document sealed. In the event that a party contends that confidential material should be sealed that party must file an appropriate motion with the Court seeking leave to file the material under seal. Nothing herein limits a party from using the party's own documents in any fashion.

11. All Confidential Material (and any copies thereof) subject to this Order shall be returned to the producing party or destroyed within 30 days of the conclusion of this litigation (including any appeals). The Court shall retain jurisdiction over all recipients of Confidential Material after the conclusion of the litigation for purposes of enforcing the provisions of this Order.

12. Nothing in this Order shall operate as an admission by any party that any particular discovery material is, or is not, admissible as evidence in this action.

13. Nothing in this Order waives the right of any party to challenge the Confidential designation assigned to any item. In the event that a party disagrees with the Confidential designation assigned to any item, that party shall send written notice to the designating party and their counsel, identifying the item(s) in question. In the event that the parties cannot reach an agreement concerning the confidentiality of the item, the party opposing continued confidentiality may file a motion with the Court seeking a determination whether the items are properly subject to this Protective Order. All items designated as Confidential Material shall

4

continue to be treated as Confidential Material by all parties even if a challenge has been raised until such time as the Court rules that the information or the documents are not Confidential Material and are not covered by this Order.

14. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives and administrators, heirs, legal contractors or other persons or organizations over which they have control.

15. Nothing in this Order shall limit or preclude any party from applying to the Court for relief from this Order, or for additional Protective Orders as may be appropriate.

Enter this <u>17th</u> day of <u>January</u>, 2019.

```
       /s/   Glen E. Conrad
```
SENIOR UNITED STATES DISTRICT JUDGE

Requested:

*/s/ Zev H. Antell*
Harris D. Butler, III, Esq. (VSB No. 26483)
Zev H. Antell, Esq. (VSB No. 74634)
Paul M. Falabella, Esq. (VSB No. 81199)
ButlerRoyals, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Tel: (804) 648-4848
Fax: (804) 237-0413
harris.butler@butlerroyals.com
zev.antell@butlerroyals.com
paul.falabella@butlerroyals.com

*/s/ Thomas E. Strelka*
Thomas E. Strelka, Esq. (VSB #75488)
L. Leigh R. Strelka, Esq. (VSB #73355)
N. Winston West, IV, Esq. (VSB #92598)
STRELKA LAW OFFICE, PC

119 Norfolk Avenue, SW, Suite 330
Roanoke, VA 24011
540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com


   */s/ **Catherine J. Huff***
Paul G. Klockenbrink, Esq. (VSB # 33032)
Catherine J. Huff, Esq. (VSB # 78610)
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E.
Suite 900
Roanoke, VA 24011
(540) 983-9300
klockenbrink@gentrylocke.com
huff@gentrylocke.com

# **EXHIBIT A**

I, _____, hereby acknowledge that I will receive confidential documents provided to me in connection with *Dawn Renee Wright, et al., v. City of Roanoke, Virginia,* Civil Action No. 7:18-cv-00210, United States District Court for the Western District of Virginia (Roanoke Division). I certify that I have read a copy of the Protective Order entered in the above-referenced case, and I agree to use the Protected Documents and the information contained therein only for purposes of the above-referenced litigation and not for any business or commercial purpose, and I further agree not to disclose the Protected Documents and the information contained therein to any other person. I expressly agree to be bound by the Protective Order and to be subject to the personal jurisdiction of the U.S. District Court for the Western District of Virginia for all purposes related hereto.

_____
Date

_____
Name (Print)

_____
Signature

_____

_____
Business Address