IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DAWN RENEE WRIGHT and MAURICE )
PENDLETON on behalf of themselves )
and all other similarly situated, )
 )
    Plaintiffs, )
 ) Case No. 7:18-cv-210
v. )
 )
CITY OF ROANOKE, VIRGINIA )
 )
    Defendant. )
 )

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT/MOTION TO DISMISS

Pursuant to either Federal Rule of Civil Procedure 56(a) or Federal Rule of Civil Procedure 12(b)(6), Defendant City of Roanoke, Virginia ("Defendant" or "City"), by counsel, moves this Court to dismiss Michelle Vandergrift as an improper plaintiff who falls outside of the class definition.

### Factual Background

This matter arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and involves claims for overtime compensation brought by current and former sworn law enforcement officers of the City. The parties agree that proper class members are individuals who hold the rank of sergeant or below for the time period between May 11, 2015 to the present, and who were not paid overtime wages for hours worked in excess of eighty (80) hours in a two-week period. Opt-in plaintiff Michelle Vandergrift falls outside of this definition and, as such, must be dismissed from this action.

1

Plaintiff Vandergrift fails to meet the requirement that class members be at the rank of sergeant or below between May 11, 2015 and the present. Ms. Vandergrift was promoted to the rank of Lieutenant in February 2014.

## Argument and Authorities

The Court may dismiss an improper plaintiff under either Federal Rule of Civil Procedure ("Rule") 56(a) or 12(b)(6). Per Rule 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party carries the initial burden to demonstrate the absence of any genuine dispute as to a material fact; thereafter, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Here, there is no dispute as to the employment status or history of this plaintiff, which places her outside of the class definition. Accordingly, summary judgment is appropriate to dismiss this improper plaintiff. *See, e.g., LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-00363, 2014 U.S. Dist. LEXIS 87342, at *4-6 (E.D. Va. June 24, 2014) (granting partial summary judgment and dismissing four opt-in plaintiffs for their failure to meet the class definition and twenty-eight plaintiffs whose claims were time-barred).

Alternatively, the Court may dismiss the improper plaintiffs under Rule 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the plaintiffs' allegations. "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in the light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A Rule 12(b)(6) motion must be granted if "it appears certain that the plaintiff can prove no set of facts which would support its claim and

2

7965/37/8703732v1
Case 7:18-cv-00210-GEC-RSB   Document 41   Filed 06/10/19   Page 2 of 4   Pageid#: 158

would entitle it to relief." *Id.* An improper plaintiff cannot obtain relief in this suit because she is not entitled to remain in the suit as a plaintiff. Only qualified individuals are permitted to proceed in the lawsuit. Ms. Vandergrift is not similarly-situated to the other opt-in plaintiffs. This lack of similarity, as evidenced by her failure to meet the class definition, bars her from participation in this suit.

## Conclusion

Because Plaintiff Vandergrift falls outside the class definition, the City requests that the Court grant this Motion and enter partial summary judgment in the Defendant's favor as to the claim of this improper plaintiff and/or dismiss her from the class in this collective action suit.

CITY OF ROANOKE, VIRGINIA

By: */s/ Paul G. Klockenbrink*
Of Counsel

Paul G. Klockenbrink, Esq. (VSB # 33032)
Catherine J. Huff, Esq. (VSB # 78610)
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E.
Suite 900
Roanoke, VA 24011
(540) 983-9300
klockenbrink@gentrylocke.com
huff@gentrylocke.com

*Counsel for Defendant City of Roanoke, Virginia*

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2019, a copy of the foregoing was electronically filed using the ECF system, which will send notice to all counsel of record.

By: */s/ Paul G. Klockenbrink*
Of Counsel